# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

JESSICA MONIQUE ROWELL,                    Case No. 18-CV-2570 (MJD/TNL)

               Plaintiff,

v.                                         **REPORT AND RECOMMENDATION**

TARA L. LASSEN,

               Defendant.

Plaintiff Jessica Monique Rowell is committed to the custody of the State of Minnesota for mental-health treatment. Rowell brings this action challenging the validity of the ongoing commitment and the forced use of medications during that commitment. Rowell did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

Upon review, this Court concludes that Rowell qualifies financially for IFP status. Nevertheless, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint

1

states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As explained to Rowell previously, *see Rowell v. Commissioner of Health and Human Services*, No. 18-CV-1653 (D. Minn. 2018), she cannot challenge the *fact* of her confinement in federal civil litigation due to the doctrine set forth by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). Although Rowell is not being held pursuant to a criminal judgment, "the principles set forth in *Heck* are fully applicable to . . . detainees who are confined by reason of a civil commitment, rather than a prison sentence." *McHorse v. Minnesota*, No. 13-CV-0837, 2013 WL 2383603, at *2 (D. Minn. May 30, 2013) (citing, inter alia, *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005); *Banda v. New Jersey Special Treatment Unit Annex*, 164 Fed. App'x 286, 287 (3d Cir. 2006) (per curiam); *Coffman v. Blake*, 156 Fed. Appx. 863 (8th Cir. 2005) (per curiam)). And although Rowell may challenge the validity of the judgment of conviction

through a federal petition for a writ of habeas corpus, *see* 28 U.S.C. § 2241(c)(3), she must first exhaust all available remedies in state court before doing so, *see* 28 U.S.C. § 2254(b), and there is no evidence available to this Court that Rowell has yet done so. Accordingly, it is recommended that Rowell's challenge to the fact of her detention be dismissed without prejudice. *See Gautreaux v. Sanders*, 395 Fed. App'x 311, 312 (8th Cir. 2010) (per curiam) (modifying dismissal under *Heck* to be without prejudice).

Rowell's claim that the forced medication violates her constitutional rights, by contrast, does not necessarily call into question the validity of the detention itself. This claim is therefore not barred by *Heck*. Moreover, detainees 'possess "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment.'" *Green v. Dormire*, 691 F.3d 917, 922 (8th Cir. 2012) (quoting *Washington v. Harper*, 494 U.S. 210, 222 (1990)). By separate order, this Court will grant Rowell's IFP application with respect to this forced-medication claim, which is brought against defendant Tara L. Lassen in her capacity as an official or employee of the State of Minnesota. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that the claims presented by plaintiff Jessica Monique Rowell related to the fact of her detention be DISMISSED WITHOUT PREJUDICE.

Dated: October <u>25</u>, 2018                    <u>*s/Tony N. Leung*                              </u>
                                                 Tony N. Leung
                                                 United States Magistrate Judge

## <u>NOTICE</u>

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).