# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jessica Monique Rowell, | Case No. 18-cv-2570 (MJD/TNL) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| Tara L. Lassen, | |
| Defendant. | |

Jessica Monique Rowell, 100 Freeman Drive, Saint Peter, MN 56082 (*pro se* Plaintiff); and

Matthew Hart, Assistant Attorney General, Office of the Minnesota Attorney General, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101 (for Respondent Tara L. Lassen in her official capacity only).

## I.   INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant's Motion to Dismiss Plaintiff's Complaint. ECF No. 13. This motion has been referred to the undersigned magistrate judge for a Report & Recommendation to the Honorable Michael J. Davis, United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. Based on all the files, records, and proceedings herein, and for the reasons that follow, the Court recommends that Defendant's motion be **GRANTED**.

1

## II.     BACKGROUND

Plaintiff was civilly committed as Mentally Ill and Dangerous to the custody of the Commissioner of the Minnesota Department of Human Services on March 30, 2018. ECF No. 1-1, p. 4. She resides at the Minnesota Security Hospital ("MSH"). *Id.* On July 31, 2018, following reports that Plaintiff acted aggressively towards hospital staff and other patients, the State sought judicial authorization to administer neuroleptic medications to Plaintiff without her consent. *See id.* at 3-19; *In the Matter of the Civil Commitment of Jessica Monique Rowell,* Ramsey County Court File No. 62-MH-PR-17-494 ("Ramsey County Court File"), Index No. 70. The Ramsey County District Court held a court trial on the issue on August 29, 2018. *See* Ramsey County Court File. That day, following the trial, the court issued a one-page order permitting the State to administer various atypical neuroleptics to Plaintiff. Order, Ramsey County Court File, Index No. 88.

Two days later, Plaintiff filed a complaint with this Court seeking an order prohibiting the State from giving Plaintiff medication without her consent, her release from MSH, and $937,000 in damages. ECF No. 1, p. 4.[1] The complaint names only Tara L. Lassen, the Advanced Practice Registered Nurse treating Plaintiff, as Defendant. ECF No. 1, pp. 1-2. Shortly after Plaintiff filed the complaint, the Ramsey County District Court issued an amended order modifying the medications the state was allowed to administer to Plaintiff. Amended Order, Ramsey County Court File, Index No. 91. Then,

---

[1] On October 25, 2018 the Court dismissed the portion of Plaintiff's claim that sought release from her civil commitment as barred by the *Heck* doctrine. *See* ECF No. 7; *see also* ECF Nos. 10-11 (adopting this Court's Report and Recommendation and entering judgment related to Plaintiff's confinement claim).

approximately two weeks later, the Ramsey County District Court issued its "Findings and Order for Treatment with Neuroleptic Medications" which contained the court's findings from the August 29, 2018 court trial and an order permitting the state to administer the same medications as those authorized by the Amended Order. Findings and Order for Treatment with Neuroleptic Medications, Ramsey County Court File, Index No. 93.

## III.   ANALYSIS

Defendant has moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 15, p. 2. When considering a Rule 12(b)(1) motion, courts "distinguish between a 'facial attack' and a 'factual attack' on jurisdiction." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (quotation omitted). "In a facial attack, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* (citation and internal quotations omitted). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.*

Rule 12(b)(6) allows dismissal for failure to state a claim upon which relief can be granted. For the purpose of determining Defendant's motion to dismiss under Rule 12(b)(6) this Court must take the Plaintiff's factual allegations as true. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). In order to meet the 12(b)(6) pleading standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (internal quotation marks

3

omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint that merely "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . .'" or that makes "'naked assertions' devoid of 'further factual enhancement'" fails to meet the Rule 12(b)(6) facial plausibility standard. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A *pro se* complaint is to be liberally construed, but still must plead facts that support its legal conclusions. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981). This Court cannot supply additional facts nor can it construct a legal theory for relief that is not alleged in the complaint when deciding a motion to dismiss against a *pro se* plaintiff. *Stone*, 364 F.3d at 915. But in deciding a motion to dismiss, the Court "may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint . . . ." *Wickner v. McComb*, No. 09-cv-966 (DWF/JJK), 2010 WL 610913, at *3 (D. Minn. Feb. 19, 2010) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

**A. Eleventh Amendment Bars Plaintiff's Claim for Monetary Damages.**

The Eleventh Amendment prohibits lawsuits against a state in federal court by citizens of that or other states. *See* U.S. CONST. amend. XI; *Hans v. Louisiana*, 134 U.S. 1, 11-21 (1890). It further bars claims for damages in actions brought against state officials in their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (citing *Corey v. White*, 457 U.S. 85, 90 (1982)). This is because claims against state officials in their official capacity are essentially claims against the state. *Id.*; *see also Treleven v. Univ. of Minn.*, 73 F.3d 816, 818 (8th Cir. 1996).

The Court must interpret a complaint against a state official as including only official-capacity claims absent a clear statement to the contrary. *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) (citing *Ergdahl v. Hibbing Comm. College*, 72 F.3d 615, 619 (8th Cir. 1995). This requirement applies in equal force to complaints brought by pro se litigants. *See Murphy*, 127 F.3d at 755 (noting that the "clear statement" pleading requirement is strictly enforced); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989) (same); *Quam v. Minnehaha Cty. Jail*, 821 F.2d 522 (8th Cir. 1987) (noting that the Federal Rules of Civil Procedure apply equally to pro se litigants). Here, Plaintiff does not allege, either in the caption or the body of her complaint, that she is suing Defendant in her personal capacity. Thus, the Court must interpret her complaint as including only official-capacity claims.

Because Plaintiff has sued Defendant only in her official capacity, her claim for monetary relief is barred by the Eleventh Amendment. If a claim is barred by the Eleventh Amendment, it must be dismissed for lack of subject matter jurisdiction.

5

*Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996); Fed. R. Civ. P. 12(b)(1). The Court therefore recommends that Plaintiff's claim for monetary damages be dismissed with prejudice.

### B. Plaintiff's Remaining Claims Must Also Be Dismissed.

The Court also recommends, for two reasons, that Plaintiff's claims for injunctive relief be dismissed. First, Plaintiff failed to respond to Defendant's Motion to Dismiss. This constitutes waiver and abandonment of her complaint. *Mark v. Ault*, 498 F.3d 775, 786 (8th Cir. 2007) (holding that failure to respond to an issue on appeal constituted abandonment); *Christensen v. PennyMac Loan Servs., LLC*, 988 F. Supp. 2d. 1036, 1042 (D. Minn. 2013) (holding the same in the context of failure to respond to a motion to dismiss); *Hewitt v. City of Minneapolis*, No. 12-cv-2132 (DWF/FLN), 2013 WL 718189, at *5 n.6 (D. Minn. Feb. 27, 2013) (same); *Koenen v. Homecomings Fin., LLC*, No. 11-cv-945 (DWF/SER), 2011 WL 3901874, at *2 (D. Minn. Sept. 2, 2011) (same); *see also Gharwal v. Federal Nat'l Mortgage Ass'n*, No. 13-cv-685 (PJS/JSM), 2013 WL 4838904, at *1 n.2 (D. Minn. Sept. 11, 2013) (holding that failure to respond to a motion to dismiss on a slander-of-title claim warranted its dismissal). For this reason alone, the Court recommends Plaintiff's injunctive relief claims be dismissed without prejudice.

Second, Plaintiff also fails to allege facts that give rise to a plausible claim for relief. Plaintiff contends that involuntary administration of neuroleptic medication would

6

violate her First Amendment.[2] ECF No. 1, P. 3. The First Amendment guarantees freedoms of religion, expression, assembly, and the right to petition the government to redress grievances. U.S. CONST. amend. I.[3] Plaintiff does not, however, identify what of her First Amendment rights are violated by the administration of neuroleptic medications. In fact, her complaint consists entirely of the following two sentences: "Attached are paper work [sic] asking to force meds to me Jessica Rowell. Attached are paper[s] showing that I am not a danger to myself or others. (please read)". Compl., ECF No. 1, p. 4. Plaintiff has attached documents to the complaint that show treatment history and records related to her time spent in MSH. ECF No. 1-1, pp. 1-19. None of the documents, nor Plaintiff's allegations, relates to a claim under the First Amendment. Nor do the attached documents, *id.*, which are necessarily embraced by the complaint, support Plaintiff's conclusion that administration of neuroleptic medication to her without her consent is improper. To the contrary, the documents actually show that treatment with neuroleptic medication is in Plaintiff's medical interest. For example, in one of the documents, Plaintiff appears to have circled language that states "Ms. Rowell does not have insight into her illness, leading to numerous instances of medication non-compliance and worsening of symptoms." *Id.* p. 4. Documents also show that Plaintiff has been aggressive on multiple occasions but that she improves when she is on medication. *Id.* Because Plaintiff has failed to allege facts that state a claim under Rule

---

[2] Although these claims normally implicate due process, *see, e.g.*, *Iverson v. Dep't of Corr.*, 07-cv-4710 (DSD/RLE), 2008 WL 205281 (D. Minn. Jan. 24, 2008), Plaintiff has not pled any violations of her due process rights. *See* ECF No. 1.
[3] Claims against state officials regarding violations of constitutional rights are typically brought under 42 U.S.C. § 1983. Plaintiff does not reference this statute in her complaint. Even if the Court were to construe her claim as being brought under Section 1983 the Court's analysis would not differ.

7

12(b)(6), the Court recommends that her claims for injunctive relief be dismissed without prejudice for this reason as well.

### C. Court Lacks Sufficient Information to Make a Finding Regarding Jurisdiction under the *Rooker-Feldman* Doctrine.

The primary argument that Defendant makes in support of her motion to dismiss is that Plaintiff's complaint is barred by the *Rooker-Feldman* doctrine. With certain exceptions, the *Rooker-Feldman* doctrine prohibits federal district courts and circuit courts of appeal from exercising appellate review of state court judgments. *Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1156-57 (8th Cir. 2007) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)). Thus, the *Rooker-Feldman* doctrine "precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995).

The *Rooker-Feldman* doctrine does, however, have some restrictions. As relevant here, it does not bar federal courts from exercising jurisdiction over claims brought prior to the state court's judgement. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 294 (2005). Instead, "[d]isposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law." *Id* at 293. Other courts in this district have chosen to abstain from matters that implicate pending state court proceedings. *See Tyler v. Sav Express*, 18-cv-2840 (SRN/ECW), 2018 WL 6004302, at *2 (D. Minn. Oct. 25, 2018) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar*

*Ass'n*, 457 U.S. 423, 431 (1982); *Minn. Living Assistance, Inc. v. Peterson*, 899 F.3d 548, 551 (8th Cir. 2018)).

This Court is not able to determine, without more information, what constituted a final order in the state court for the purpose of applying the *Rooker-Feldman* doctrine. The Ramsey County District court issued a one-page order following the August 29, 2018 trial that contained checked boxes ordering treatment of Plaintiff with certain medications. *See* Ramsey County Court File; Order, Ramsey County Court File, Index No. 88. Two days later Plaintiff filed her Complaint with this Court. ECF No. 1. Ten days after that, the Ramsey County District Court issued an amended order that modified the medications the state was allowed to administer to Plaintiff. Amended Order, Ramsey County Court File, Index No. 91. And 15 days after that, the court issued another document entitled "Findings and Order for Treatment with Neuroleptic Medications," which was the first document to contain the state court's factual findings. Findings and Order, Ramsey County Court File, Index No. 93. It is clear that this Court cannot apply the doctrine of abstention because the state court matter is no longer pending in this case. *See Tyler*, 2018 WL 6004302, at *1. But because the Court lacks information and briefing regarding the timing of the various orders, as well as which order constitutes a final order for *Rooker-Feldman* purposes, this Court is unable to determine whether it is appropriate to apply the *Rooker-Feldman* doctrine here. For that reason, the Court declines to address whether Plaintiff's complaint is barred by the *Rooker-Feldman* doctrine.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 13) be **GRANTED** as follows:

1. Plaintiff's claims for monetary damages be **DISMISSED WITH PREJUDICE**; and

2. Plaintiff's claims for injunctive relief be **DISMISSED WITHOUT PREJUDICE**.

Date: May 10, 2019                             *s/ Tony N. Leung*
                                               Tony N. Leung
                                               United States Magistrate Judge
                                               For the District of Minnesota

                                               *Rowell v. Lassen*
                                               Case No. 18-cv-2570 (MJD/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).